UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS-KANSAS CITY CARPENTERS REGIONAL COUNCIL, et al., | ) ) ) |
| Plaintiffs, | ) )   Case No. 4:21-cv-00017-SEP |
| v. | ) ) ) |
| RILEY FLOORING COMPANY, LLC | ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment, Doc. [12], pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, the Motion is granted.

**BACKGROUND**

Plaintiffs are St. Louis–Kansas City Carpenters Regional Council (Regional Council); three employee benefit plans (collectively, the Funds)—the Carpenters' Health and Welfare Trust Fund of St. Louis, the St. Louis–Kansas City Carpenters Regional Annuity Trust Fund, and the Carpenters' Vacation Trust of St. Louis; and 12 individuals who constitute the boards of trustees and plan sponsors of the Funds—Albert Bond, Donald Brussel, Jr., Dan Neiswander, Todd Hake, Rocky Kloth, Scott Bryne, Keith Taylor, Michael Gavoli, Craig McPartlin, Tod O'Donaghue, Robert Calhoun, Brian Murphy, Kevin Deptula, Jim Sauer, Tim Schoolfield, and Greg Hesser. Doc. [1] ¶¶ 1-3. Defendant Riley Flooring Company, LLC, is an employer in an industry affecting commerce within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §§ 1132 *et seq*. *Id.* ¶ 4.

Defendant Riley Flooring was party to a Collective Bargaining Agreement (the Agreement) with Regional Council,[1] which required it to participate in the Funds at rates

---

[1] The Court agrees with Plaintiffs that Defendant Riley Flooring acknowledged that it was bound by the Agreement with Plaintiff Regional Council by making electronic purchases of the fringe benefit stamps. Doc. [16] at 1-2; *see Carpenters District Council of Greater St. Louis v. Ortmann Stair Co. Inc.*, 2009 WL 376089, at * 2 (E.D. Mo. Nov. 10, 2009) (quotation marks omitted) (quoting *N.L.R.B. v. Haberman Const. Co.*, 641 F.2d 351, 355-56 (5th Cir. 1981)) ("It is well-settled that a union and an employer's adoption of a labor contract is not dependent on the reduction to writing of their intention to be bound. Instead, what is required is conduct manifesting an intention to abide by the terms of an agreement.").

1

determined according to the Agreement, forward to Regional Council the amounts deducted from employee's paychecks as Union dues, and provide the Funds' offices with a monthly statement reflecting the total number of regular and overtime hours worked by each employee, so that the full amount of contributions and dues owed to the Funds and Regional Council could be computed.  *Id.* ¶ 5.  Pursuant to the Agreement, such payments are to be made through a stamp purchase plan.  *Id.*  Plaintiffs allege that Defendant has failed to make its required contributions to the Funds between August 2020 and January 2021 and has failed to provide Regional Council with the deducted dues, in violation of Section 515 of ERISA.  *Id.* ¶ 7.

As a result of Defendant's alleged refusal to make contributions, Plaintiffs contend that, pursuant to Section 502(g)(2) of ERISA and the terms of the Agreement, Defendant is liable to Plaintiffs for all unpaid principal amounts due to the Funds, plus interest, liquidation damages, reasonable attorneys' fees, costs of this litigation, and any other legal or equitable relief that the Court deems appropriate.  *Id.* ¶ 10.  Based on the hours submitted by Defendant, Plaintiffs allege that Defendant owes $46,984.83 in contributions for the period between August 2020 and January 2021.  Doc. [16] at 2 (citing Doc. [12-3] ¶ 3)).  Additionally, Plaintiffs contend that Defendant owes $9,396.97 for liquidated damages and $1,001.95 in interest, as well as attorneys' fees of $512.00 and court costs of $567.00.

On October 14, 2021, Plaintiffs served Defendant with the Complaint and Alias Summons pursuant to Fed. R. Civ. P. 4(e)(1).  Defendant has not responded to the pleadings or otherwise participated in this litigation since service was effectuated.  On November 24, 2021, Plaintiffs filed a Motion for Entry of Clerk's Default (Doc. [11]) and a Motion for Default Judgment (Doc. [12]).  The Clerk's Entry of Default was entered on December 22, 2021.

## LEGAL STANDARD

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court.  *Weitz Co., LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).  An entry of default is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or

---

Here, Defendant demonstrated an intent to be bound by submitting the electronic report that explicitly required Defendant to be "bound by the terms of the Collective Bargaining Agreement with the Carpenters District Council and Trust Agreements referred to in the Collective Bargaining Agreement." *Id.*; Doc. [12-4] at 1.

otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true." *Greater St. Louis Const. Laborers Welfare Fund v. AbatePro, Inc.*, 2018 WL 5849980, at *1 (E.D. Mo. Sept. 6, 2018) (quotation marks omitted) (quoting *Vicinty v. Hard Rock Foundations, LLC,* 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013)); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (noting that allegations within a well-pleaded complaint are to be taken as true in a default judgment action). Before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the Complaint and the substantive merits of Plaintiffs' claim, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quotation marks omitted) (quoting 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (3d ed. 1998)).

"The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). However, where "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quotation marks omitted) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944); *see also* 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (4th ed. 2021) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").

With respect to damages in an action for delinquent fringe benefits, 29 U.S.C. § 1132(g)(2) entitles a plaintiff to recover all of the principal contributions owed, plus interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2). The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies. *See Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 479 n.4 (8th Cir.

3

1988). Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Serv. Employees Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (quotation marks omitted) (quoting *Boland v. Yoccabel Constr. Co., Inc.*, 293 F.R.D. 13, 18 (D.D.C. 2013)). "The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012) (cleaned up) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)).

## DISCUSSION

Plaintiffs have submitted sufficient evidence demonstrating a legitimate cause of action against Defendant. *See Murray*, 595 F.3d at 871. At all times material to this action, Defendant was a party to and bound by the Collective Bargaining Agreement with Plaintiff Regional Council, effective from 2017 to 2023. Doc. [12-2] ¶ 2. The Agreement requires Defendant to make contributions to the Funds through the purchase of fringe benefit stamps. *Id.* ¶ 3. It also binds Defendant to the payment of liquidated damages on any delinquent contributions plus annual interest, as well as attorneys' fees and court costs. *Id.* ¶ 6. According to Plaintiffs' submissions, including an affidavit by Juli Laramie, an accountant and the controller for the employee benefit funds affiliated with the Regional Council, Defendant submitted reports without payment between August 2020 and January 2021, totaling $46,984.83 in contributions owed. *Id.* ¶¶ 1,7. Based on Ms. Laramie's affidavit, as well as Plaintiffs' submitted interest calculations showing the contributions due between August 2020 and January 2021 (Doc. [14-1]), the Court finds that Defendant breached its obligations under the Agreement by failing to timely pay the required contributions thereunder. Therefore, Defendant is liable to Plaintiffs for the $46,984.83 in unpaid contributions.

Pursuant to ERISA § 1132(g)(2) and the terms of the Agreement, Plaintiffs are also entitled to interest on the unpaid contributions and liquidated damages. According to Ms. Laramie's affidavit and Plaintiffs' submitted interest calculations, the Court finds that Defendant owes Plaintiffs $1,001.95 in interest and $9,396.97 in liquidated damages. *See* Doc. [14-1] (calculating interest and liquidated damages per month between August 2020 and January 2021).

Finally, Section 1132(g)(2)(D) also permits the Court to award court costs and "reasonable" attorneys' fees.  Plaintiffs submit the affidavit of Greg A. Campbell, a partner in the law firm of Hammond and Shinners.  Doc. [12-1].  According to Mr. Campbell, he performed 1.8 hours of legal services on this matter in 2021, at a rate of $215.00 per hour.  *Id.* ¶¶ 2-3.  Additionally, Cynthia Stegmeyer, a legal assistant at Hammond and Shinners, performed one hour of service on this matter in 2021, at a rate of $125 per hour.  *Id.*  Thus, Plaintiffs have or will be billed $512 for legal services provided in this matter.  *Id.* at 3.  The Court finds that these fees are reasonable and consistent with fees typically awarded by this Court in similar cases.  *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. LaBarge,* 2013 WL 6181808, at *2 (E.D. Mo. Nov. 26, 2013) (effective hourly rate of $170 in default judgment action).  Additionally, Plaintiffs have or will be billed $400 for the court filing fee and $167 for service of the summons and complaint by special process server.  Doc. [12-1] ¶ 3.  Those costs are also reasonable and customary and will be awarded as well.  Therefore, the total cost incurred by Plaintiff for attorneys' fees and court costs is $1,079.00.  *Id.* ¶ 4.

## Conclusion

Upon review of the record, the Court finds that Plaintiffs have submitted sufficient evidence to support their Motion.  Combining the contribution amounts due, interest, liquidated damages, and reasonable attorneys' and court fees, Defendant owes Plaintiffs a total of $58,462.75.[2]  Docs. [16] at 2; [12-2] ¶ 7.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [12], is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 11th day of January, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[2] The Court acknowledges that its total differs slightly (i.e., by one cent) from the total specified by Plaintiffs' counsel, Docs. [12-6] at 2, [16] at 4, but the Order accurately reflects the sum of the various subtotals awarded.  *See* Doc. [12-2] ¶ 7 (seeking $46,984.83 in unpaid contributions; $1,001.95 in interest; $9,396.97 in liquidated damages); Doc. [12-1] ¶ 4 (seeking $512 in attorneys' fees and $567 for court costs).

5